UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM BIGGS, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00469-WTL-MPB |
| BRIAN SMITH, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of William Biggs for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 17-07-0008. For the reasons explained in this Entry, Biggs's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On June 29, 2017, Investigator Stevens issued a Report of Conduct charging Biggs with use or possession of a controlled substance in violation of Code B-202. The Report of Conduct states:

> On 5/26/17 at approximately 1116 hours Offender Williams B[i]ggs IDOC 885901 is seen on camera smoking an unidentified substance in the downstairs bathroom area of Housing Unit 3. After smoking this substance, B[i]ggs begins to show symptoms consistent to an adverse reaction to a controlled substance. An investigation was conducted between the dates of 5/26/17 and 6/29/17. The investigative report is attached. End of report.

Biggs was notified of the charge on July 3, 2017, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Biggs did not request any witnesses or evidence.

The Hearing Officer conducted a disciplinary hearing on July 5, 2017. After noting that Biggs did not have a statement, the Hearing Officer determined that Biggs had violated Code B-202. The sanctions imposed included a written reprimand, the deprivation of 90 days of earned credit time, and the demotion from credit class B to credit class C.

Biggs filed an appeal to the Facility Head, which was denied on August 18, 2017. Biggs then appealed to the Final Review Authority, who denied it on September 5, 2017.

### C. Analysis

Biggs challenges the disciplinary action against him arguing that there was no evidence to support the conviction and that he was punished before he was sanctioned.

#### 1. *Sufficiency of the Evidence*

Biggs argues that the evidence was insufficient to sustain the conviction for possession of a controlled substance. He states that no controlled substances were found on him and none of the inmates who were seen smoking were given a urine screen to test for controlled substances.

Biggs states that this violated DOC policy which states "a test must be given, and the results supplied to the offender to prove guilt."

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Biggs was convicted of use or possession of a controlled substance in violation of Code B-202. B-202 prohibits "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Here, the Conduct Report stated that Biggs was seen on camera smoking an unidentified substance in the bathroom. The Conduct Report further states that Biggs showed symptoms consistent with an adverse reaction to a controlled substance. This is enough evidence to allow the Hearing Officer to conclude that Biggs used a controlled substance. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision.").

Biggs's argument that the failure to perform a test to confirm the presence of a controlled substance violated DOC policy is not enough to show that the evidence was insufficient. As

stated above, the Conduct Report stating that Biggs was seen smoking and then showed signs of a reaction to a controlled substance is enough to satisfy the "some evidence" standard. The fact that DOC policy was violated is not enough to show a due process violation. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Biggs therefore has failed to show that the evidence was insufficient.

2. *Punishment*

Biggs also argues that he was punished by being transferred to a different facility before his disciplinary hearing was held.[1] This argument does not support habeas relief because it is not a challenge to the fact or duration of Biggs's custody, but only to his prison assignment. *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009) "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief."). When a sanction other than one that impacts the duration of custody not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all."

---

[1] Biggs also asserts that he was "written up twice," but it is unclear what he means by this other than that he was transferred as a sanction and was then subject to the disciplinary hearing. He also states that "the administration wanted him to supply information" and "this was retaliation" but he does not explain these claims or show how they relate to any alleged denial of due process.

*Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). Biggs therefore is not entitled to habeas relief on this basis.

    **D.**    **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Biggs to the relief he seeks. Accordingly, Biggs's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 2/13/18

Distribution:

WILLIAM BIGGS
885901
c/o Terry Haney, Chief Probation Officer
Cass County Community Corr/Probation Dept, Annex Bldg
520 High St.
Logansport, IN 46947-2766

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov